**Jerry LEEGAARD, Respondent,**

v.

**UNIVERSAL UNDERWRITERS INSURANCE COMPANY, defendant and third party plaintiff, Respondent,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, third party defendant, Appellant.**

No. 46826.

Supreme Court of Minnesota.

June 10, 1977.

Winter, Lundquist, Sherwood, Athens & Pedersen and Thomas C. Athens, Wheaton, for appellant.

Callaghan, Nelson & Obenland, Glenwood, for Leegaard.

Cousineau, McGuire, Shaughnessy & Anderson and Harold J. W. Sweet, Minneapolis, for Universal.

Heard before ROGOSHESKE, MacLAUGHLIN and YETKA, JJ., and considered and decided by the court en banc.

MacLAUGHLIN, Justice.

Plaintiff, Jerry Leegaard, brought this declaratory judgment action to determine insurance coverage against Universal Underwriters Insurance Co. (Universal). Universal brought a third-party action against State Farm Mutual Automobile Insurance Co. (State Farm), seeking to establish that Leegaard was covered by State Farm. The district court, sitting without a jury, found that Leegaard was covered under a policy with State Farm and not covered by Universal, and State Farm appeals. We affirm.

In the summer of 1973, Leegaard, a farmer, purchased a 1966 Ford LTD automobile from Star Motor Co. in Starbuck, Minnesota. He procured insurance on this vehicle from State Farm. At that time Leegaard also owned a 1968 Ford pickup truck which was insured by State Farm. The insurance policy for the pickup truck contained a standard clause covering Leegaard's use of a "non-owned vehicle." In the fall of 1973 the 1966 Ford LTD became inoperative due to transmission failure. Leegaard allowed the insurance policy on this car to lapse some time in November by not paying the premium. On December 21, 1973, Leegaard brought the car to Star Motor for repair. He dealt with Jim Yackel, the acting general manager. Yackel suggested that Leegaard use a 1970 Mercury owned by Star Motor as a temporary substitute automobile while the 1966 Ford was being repaired.

When Yackel offered Leegaard the use of the Mercury, Leegaard was concerned that he had no insurance on the 1966 Ford which he was leaving for repairs. Some conversation transpired regarding insurance, although it is unclear just what was said. Leegaard testified that Yackel told him the car was insured with Universal and it was not necessary for Leegaard to obtain insurance. Yackel claimed he told Leegaard that Star Motor had "garage liability" insurance on the car, but did not explain what that covered. In any event Leegaard did not obtain additional insurance for the Mercury and proceeded to use it until January 3, 1974, driving it an estimated 70 to 200 miles. Leegaard also used the 1968 Ford pickup during this period.

On January 3, Leegaard, while driving the Mercury, was involved in an accident with a vehicle driven by Richard Vosberg, owned by Duane Vosberg, and in which Harvey Wildman was a passenger. As a result of that collision, Wildman brought an action to recover for personal injuries against the Vosbergs, Leegaard, and Star Motor. Leegaard then brought the instant action against Universal, which insured Star Motor under a garage liability policy.

The trial court initially concluded that Leegaard was not covered by Universal's policy with Star Motor, that Star Motor was estopped from seeking indemnity from Leegaard by virtue of Yackel's representations, and that Leegaard's use of the Mercury was covered under the non-owned vehicle provisions of State Farm's policy insuring the 1968 Ford pickup truck. The court later deleted its findings of estoppel on the ground that Leegaard did not rely to his detriment on Yackel's statements, as the use of the Mercury was covered by State Farm's policy. The court concluded that State Farm must satisfy, up to the policy limits, any claims for indemnity against Leegaard made by Star Motor or Universal.

■ 1. The first issue we face is whether the trial court correctly determined that

the Mercury was a "non-owned automobile" within the meaning of State Farm's policy covering Leegaard's 1968 Ford pickup, the only insured motor vehicle owned by Leegaard. The policy defines such a vehicle as—

" * * * an automobile * * * not
"(1) owned by,
"(2) registered in the name of, or
"(3) furnished or available for the frequent or regular use of
"the named insured * * * other than a temporary substitute automobile." [1]

The Mercury, which belonged to Star Motor, was obviously neither owned by nor registered in the name of Leegaard, but State Farm argues that it was furnished for his frequent or regular use. We have considered the scope of this phrase in two recent cases: *Boedigheimer v. Taylor,* 287 Minn. 323, 178 N.W.2d 610 (1970), and *Van Overbeke v. State Farm Mutual Auto. Ins. Co.,* 303 Minn. 387, 227 N.W.2d 807 (1975). While the ultimate result reached in each case was different, in both cases we affirmed findings made by the triers of fact. We noted in *Van Overbeke* that whether a vehicle is furnished or available for one's frequent or regular use is a question of fact. In the instant case the trial court concluded that the Mercury was not furnished or available to Leegaard for his frequent or regular use. That finding is not to be disturbed unless clearly erroneous. Rule 52.01, Rules of Civil Procedure.

The trial court rested its finding primarily on the fact that Leegaard had the Mercury for a short period of time. There are other facts tending to indicate frequent or regular use, such as the apparently unrestricted character of the use. However, they are not sufficient to render the trial judge's finding clearly erroneous. It seems obvious that had Leegaard's 1966 Ford been repaired in a day or two, so that Leegaard had driven the loaner for a very limited period of time, the "frequent or regular use" exclusion would not apply. A period

---

1. A temporary substitute is defined as a substitute for the vehicle for which the policy was written. The Mercury was clearly not a temporary substitute for the 1968 Ford pickup which Leegaard had in his possession at all times, so this language may be disregarded.

of 2 weeks raises greater doubt as to the applicability of the exclusion, but the question remains one for the trier of fact. Accordingly, we hold that Leegaard's use of the Mercury was covered under his policy with State Farm.

■ 2. There remains the question of whether Universal's garage liability policy issued to Star Motor covered Leegaard while he was driving the 1970 Mercury. Universal's policy defines an insured as—

"(3) with respect to the AUTOMOBILE HAZARD:

"(a) any partner, or paid employee or director or stockholder thereof or a member of the household of the NAMED INSURED * * *

"(b) any other person or organization legally responsible for the use thereof only while such AUTOMOBILE is physically operated by the NAMED INSURED or any such partner or paid employee or director or stockholder or member of the household of the NAMED INSURED * * *."

It is quite clear that Universal's policy insures a customer only when the vehicle is being operated by the named insured or an employee, director, stockholder, or member of the household of the named insured. Therefore, as determined by the trial court, Leegaard was not an "insured" under Universal's policy. The Universal policy language is substantially different from that involved in *Federal Insurance Co. v. Prestemon*, 278 Minn. 218, 153 N.W.2d 429 (1967), where we held that the phrase "any other person or organization to whom the named insured furnishes automobiles for their regular use" was sufficiently ambiguous to include garage customers, under the well-established rule that insurance contracts are to be construed against the insur-

er. Since there is no ambiguity in the language of Universal's policy, we are unable to reach the same conclusion as in *Prestemon*.

State Farm also contends that Universal is required to extend coverage to garage customers by virtue of the Safety Responsibility Act, Minn.St. c. 170. State Farm does not cite any particular statutory section in support of its position, and indeed there is none.[2] Moreover, in *Dairyland Ins. Co. v. Implement Dealers Ins. Co.*, 294 Minn. 236, 199 N.W.2d 806 (1972), we held that the garage liability policy involved in that case excluded coverage of garage customers where there was other valid insurance, whether primary or excess. There was no suggestion that such a clause was in violation of the Safety Responsibility Act.

■ We believe that there is substantial justification for a statutory requirement that garage customers be covered by a garage liability policy under the circumstances of the instant case, and we urge the legislature to consider the adoption of appropriate legislation to accomplish that purpose. However, in the absence of an explicit statutory provision, we are unable to construe Universal's policy to include Leegaard as an insured.[3]

■ 3. Finally, State Farm challenges the trial court's finding that Star Motor is not estopped from seeking indemnity from Leegaard because of the representations regarding insurance made to Leegaard by Yackel, Star Motor's employee. One of the essential elements of estoppel is detrimental reliance. *Stofferahn v. Great American Ins. Co.*, Minn., 244 N.W.2d 160 (1976). Had there been a determination that Leegaard had no insurance protection whatever in his operation of the Mercury there likely would

---

**2.** Minn.St. 170.40, which makes certain policy provisions mandatory, applies only to policies which are certified as proof of financial responsibility.

**3.** The Safety Responsibility Act was amended and repealed in part by the Minnesota no-fault automobile insurance act, Minn.St. 65B.41 et seq. Under the no-fault act, the owner of a motor vehicle is required to maintain insurance

providing "basic economic loss benefits" to any occupant. Minn.St. 65B.47, subd. 1; 65B.48, subd. 1; 65B.49, subd. 2. However, the no-fault law does not mandate residual liability coverage for persons other than an "insured" as defined in Minn.St. 65B.43, subd. 5, which definition would not include the customer of a garage. Minn.St. 65B.49, subd. 3(2).

be all of the essential elements of estoppel. However, because the trial court correctly concluded that Leegaard's use of the Mercury was covered by the State Farm policy, Leegaard did not rely to his detriment on Yackel's representations.[4] Therefore, the trial court's conclusion that estoppel does not apply to Star Motor is affirmed.

The judgment appealed from is in all respects affirmed.

---

4. We assume that the State Farm policy limits will completely cover any judgment to which Leegaard may be exposed as a result of the accident. In the event that it does not, Leegaard may, of course, reopen the question of estoppel.