This is an appeal from a declaratory judgment rendered by the Circuit Court of Tallapoosa County in a proceeding to determine insurance coverage.
On or around September 7, 1979, Thrash-Walters Ford-Mercury, Inc. (Thrash-Walters) sold an automobile to Carrie Smith. After a few days Ms. Smith returned the car to the garage of Thrash-Walters for repairs. The garage allowed Ms. Smith to use a 1978 Ford Fairmont owned by Thrash-Walters as a substitute automobile while her car was being repaired. Ms. Smith used this car for several weeks up through October 21, 1979. On that date Willie James Terrell, who lived in Ms. Smith's household, was involved in a collision while driving this same Fairmont. The respondent, Larry Kinnon, was injured in the accident and later filed a claim for personal injuries in the Circuit Court of Tallapoosa County against James Terrell.
On February 6, 1981, petitioner Universal Underwriters Insurance Company (Universal) filed its bill for declaratory judgment against respondents James Terrell and Larry Kinnon. Based on the stipulation of facts, exhibits and arguments of counsel, the trial court found that Terrell was not an "INSURED" under the garage liability policy issued to Thrash-Walters by Universal. We affirm.
The only issue presented is whether James Terrell was insured under the dealership's insurance policy. The identity of the insured and liability of the insurer are determined from the terms of the contract, Armstrong v. Security Insurance Group,292 Ala. 27, 30, 288 So.2d 134, 136 (1973), and this court must resolve any ambiguities contained in the policy in favor of the insured. Employers Ins. Co. of Alabama v. Jeff Gin Company,378 So.2d 693, 695 (Ala. 1979). But if a contract in its terms is plain and free from ambiguity, however, there is no room for construction, and it is the duty of the court to enforce it as written. E.g., Utica Mutual Insurance Company v. TuscaloosaMotor Company, Inc., 295 Ala. 309, 313, 329 So.2d 82, 85
(1976); Southern Guaranty Insurance Company v. Wales, 283 Ala. 493,496, 218 So.2d 822, 825 (1969); Chemstrand Corporation v.Maryland Casualty Company, 266 Ala. 626, 632, 98 So.2d 1, 6
(1957). Likewise, the court cannot refine away the terms of the contract that are expressed with sufficient clarity to convey the intent and meaning of the parties. Green v. Merrill,293 Ala. 628, 631, 308 So.2d 702, 704 (1975).
The parties agree on which sections of the insurance policy are relevant. The following policy provision outlines the coverage provided. Capitalized words are defined in the policy.
"II. GARAGE LIABILITY
"COVERAGE G-BODILY INJURY LIABILITY
"COVERAGE H-PROPERTY DAMAGE LIABILITY
 "The company will pay on behalf of the INSURED all sums which the INSURED shall become legally obligated to pay as damages because of *Page 889 
G. BODILY INJURY or
H. PROPERTY DAMAGE
 to which this insurance applies, caused by an OCCURRENCE and arising out of GARAGE OPERATIONS, including only the AUTOMOBILE HAZARD for which insurance is afforded as indicated in the schedule on Page One of this Coverage Part and the company shall have the right and duty to defend any suit against the INSURED seeking damages on account of such BODILY INJURY or PROPERTY DAMAGE, even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient, but the company shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of the company's liability has been exhausted by payment of judgments or settlements."
Page 2 of Garage Insurance Coverage Part No. 400.
It is clear from "Section II. GARAGE LIABILITY" that coverage extends only to an "INSURED." The applicable definitions are set out below.
 "`NAMED INSURED' means the person or organization named in Part B of this policy and identified on Page One of the applicable Coverage Part;"
 "`INSURED' means any person or organization qualifying as an INSURED in the `Persons Insured'
provision of of the applicable insurance coverage. The insurance afforded applies separately to each INSURED against whom claim is made or suit is brought, except with respect to the limits of the company's liability;" (Emphasis added.)
Page 1 of Part A.
"IV. PERSONS INSURED
 "Each of the following is an INSURED under this insurance to the extent set forth below:
 "Under the GARAGE BODILY INJURY and PROPERTY DAMAGE Liability Coverages:
"(1) the NAMED INSURED;
". . . .
"(3) with respect to the AUTOMOBILE HAZARD;
 "(a) any partner, or paid employee or director or stockholder thereof or a member of the household of the NAMED INSURED or such partner or paid employee or director or stockholder while using an AUTOMOBILE covered by this Coverage Part or when legally responsible for the use thereof, provided the actual use of the AUTOMOBILE is by the NAMED INSURED or with his permission, and
 "(b) any person or organization legally responsible for the use thereof while such AUTOMOBILE is physically operated by the NAMED INSURED or any such partner or paid employee or director or stockholder, or member of the household of the NAMED INSURED or partner or paid employee or director or stockholder, provided the actual use of the AUTOMOBILE is by the NAMED INSURED or with his permission."
Page 4, Garage Insurance Coverage Policy Part No. 400.
The dispute is centered on the interpretation of "IV. PERSONS INSURED (3)(b)." Under Section (3)(b) Terrell would be covered under the policy only if the vehicle which he was driving were found to be "physically operated by the NAMED INSURED or any such partner or paid employee or director or stockholder," etc. The parties agree that Terrell is not a partner or paid employee or director or stockholder, etc. Therefore, for coverage to exist, Thrash-Walters, the named insured, must have been "physically operating" the automobile at the time of the accident.
The respondent, Kinnon, argues that the phrase "physically operated" is ambiguous and requires construction by the court. If there is an ambiguity, the policy must be construed against the insurance company, as we have shown.
Kinnon states that a patent ambiguity exists if "physically operate" means to "drive," because a corporation cannot "drive" an automobile. Thrash-Walters is a corporation. Actually, the policy language *Page 890 
"physically operated by the NAMED INSURED or any such partneror paid employee or director or stockholder . . . of the NAMEDINSURED," provides for a situation in which the named insured is a corporation. (Emphasis added.) Therefore, the named insured can be a corporation without causing the term "physically operated" to be ambiguous.
Additionally, the respondent, Kinnon, cites two cases to further his position that "physically operated" is ambiguous. In Trans-Continental Mutual Insurance Company, Inc. v.Harrison, 262 Ala. 373, 78 So.2d 917 (1955), this court upheld a finding that the word "operate," as used in an insurance policy, was ambiguous and subject to construction by the court. The restrictive endorsement of that policy contained the phrase "being operated by the named insured." This court limited the decision to the particular set of facts before it.
 "As this is a case of first impression in Alabama, we here inject a word of caution for the benefit of the bar and litigants. The finding of fact of the Arkansas court was to the effect that the insured was physically present in the automobile directing the movements and directions and exhorting the driver to an unlawful rate of speed.
 "We, therefore, hold that the trial court correctly found that the insured was `operating' the automobile within the meaning of the exclusive endorsement to this policy of insurance. We decide nothing else."
(Emphasis added.)
Id. at 379, 78 So.2d at 922.
The other case cited by Mr. Kinnon is Truck InsuranceExchange v. Marks Rentals, Inc., 288 Md. 428, 418 A.2d 1187
(1980). The Marks opinion, written by the Court of Appeals of Maryland, is not persuasive because the policy at issue did not use "operate" in the same context as the policy in the present case. There are cases from other courts which we do find persuasive because of the similarity of facts and insurance policies to those in the case at bar.
The court in Leegaard v. Universal Underwriters InsuranceCompany, 255 N.W.2d 819 (Minn. 1977), considered Section (3)(b) of a substantially similar policy. Leegaard was driving an automobile furnished to him by a garage while his car was being repaired. He was involved in an accident and later brought a declaratory judgment action to determine insurance coverage under the garage's liability policy. The court found the policy to be unambiguous; consequently, Leegaard was not covered.
 "It is quite clear that Universal's policy insures a customer only when the vehicle is being operated by the named insured or an employee, director, stockholder, or member of the household of the named insured. Therefore, as determined by the trial court, Leegaard was not an `insured' under Universal's policy. . . . [T]here is no ambiguity in the language of Universal's policy. . . ."
Id. at 822.
The same result was reached in Universal UnderwritersInsurance Company v. State Farm Automobile Insurance Company,166 Mont. 128, 531 P.2d 668 (1975). The driver, D'Orazi, because of complications in the transfer of title, was driving a car belonging to a dealer and insured by Universal. The Montana Supreme Court found no ambiguity in the policy, stating:
 "Section (3)(b) of Paragraph V of the policy provides that in addition to the named insured, any other person or organization legally responsible for the use of an owned automobile will be an additional insured under the policy provided that such automobile is physically operated by the named insured or any such partner or paid employee or director or stockholder or member of the household of the insured, partner, paid employee, director or stockholder.
 "Since the 1962 Mercury was not physically operated at the time of the accident by the named insured or any partner, paid employee, director or stockholder, or member of the household of any of the foregoing specified category of persons, the D'Orazis do not come within the definition of an insured under Section (3)(b)."
Id. at 137, 531 P.2d at 673.
Mr. Kinnon also asserts that if the phrase "physically operated" is read in light of the *Page 891 
"AUTOMOBILE HAZARD 1" provision concerning "GARAGE OPERATIONS," an ambiguity exists.
 "`AUTOMOBILE HAZARD' means that one of the following hazards for which insurance is afforded as indicated in the schedule on Page One of this Coverage Part.
"AUTOMOBILE HAZARD 1.
 "(1) The ownership, maintenance or use (including loading and unloading) of any AUTOMOBILE for the purpose of GARAGE OPERATIONS, and (2) the occasional use for other business purposes and the use for non-business purposes of any AUTOMOBILE owned by or in charge of the NAMED INSURED and used principally in GARAGE OPERATIONS, and (3) the ownership, maintenance or use of any AUTOMOBILE owned by the NAMED INSURED while furnished for the use of any person.
". . . .
 "`GARAGE OPERATIONS' means the ownership, maintenance or use of the PREMISES for the purposes of a GARAGE and all operations necessary or incidental thereto;"
Page 2 of Garage Insurance Coverage Part No. 400.
Mr. Kinnon then argues that, because of the ambiguity created by the use of the phrase "GARAGE OPERATIONS," the court should construe the policy to mean that the garage was "operating" the car by furnishing it to Smith.
Although arguendo the car might have been used for "GARAGE OPERATIONS," it does not follow that the car was "physically operated" by Thrash-Walters. This same argument was made inOrth v. Universal Underwriters Insurance Company, 284 F.2d 857,859 (9th Cir. 1960):
 "The word `operate' has varying meanings and may include the concept of direction and control through an agent, or may be limited to actual physical control. State Farm Mut. Auto. Ins. Co. v. Coughran, 303 U.S. 485, 491, 58 S.Ct. 670 [672-673], 82 L.Ed. 970. Determination of the meaning to be attributed to the word as used in a particular instrument or statute depends primarily upon the context in which it is used."
The terms used in one provision are not necessarily limited by their connotation in another. The same word may have a different meaning in one part of a contract than in another, depending on the context. Id. at 860. The root word "operate," when used in the context of garage operations, refers to business operations, but "physically operated" means "driven" or "manipulated.
The language of the policy in the case before us is plain and unambiguous. There is no omnibus clause which would cover all permissive users of the automobile. The parties to the insurance contract bargained for the limited coverage which was set out clearly in the policy. Terrell was not the "NAMED INSURED," and the car was not "physically operated" by the named insured. The policy is not fairly susceptible to a construction which would provide coverage for Willie James Terrell. The trial court was correct in granting the declaratory judgment for the plaintiff. Accordingly, that judgment must be, and is, affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and SHORES, JJ., concur.