BEATTY, Justice.
Appeal by defendant, Southern Guaranty Insurance Company (Southern Guaranty) from a judgment for plaintiff, James F. Pittman, Jr., in a declaratory judgment action. We reverse and remand.
Southern Guaranty issued a general liability protection policy of insurance to a corporate business enterprise, Auto Spring and Brake Service, Inc. Contained within the policy terms was this language:
“IV. PERSONS INSURED
“Each of the following is an insured under this insurance to the extent set forth below:
“A. Under the Garage Bodily Injury and Property Damage Liability Coverages:
“(1) the named insured;
“(2) with respect to garage operations other than the automobile hazard:
“(a) any employees, director or stockholder of the named insured while acting with the scope of his duties as such,

“(d) any person or organization having a financial interest in the garage operations of the named insured;

“None of the following is an insured:
“(i) any person while engaged in the business of his employer with respect to bodily injury to any fellow employee of such person injured in the course of his employment.”
Auto Spring and Brake Service, Inc., was incorporated in 1955. Plaintiff, Pittman, has worked there since 1957, and at all times pertinent was vice president, a stockholder owning one-third of the corporation’s outstanding shares, a director, and day-today manager of the business. Pittman obtained the policy in question for his employer as well as a separate workmen’s compensation policy issued by another underwriter through a Montgomery agency, Colonial Insurance Agency.
One George Johnson, while an employee of the business, apparently sustained an injury while in the course of his employment. He filed a claim and was awarded benefits which were paid by the workmen’s compensation carrier for Auto Spring and Brake Service. Thereafter he filed a complaint against Pittman and others to recover damages for injuries which were due, he alleged, to the negligence of Pittman, who had failed to provide him with safe working conditions. Southern Guaranty denied coverage to Pittman on the ground that he, Pittman, was within the “fellow employee” exclusion of the insurance policy.
The case was tried to the trial judge, who entered judgment for plaintiff. Defendant’s motions for a new trial and reconsideration were denied.
Defendant presents several issues for our review, the principal issue being whether or not the trial court erred in failing to find, as a matter of law, that plaintiff was a fellow employee of the injured workman, Johnson, and hence within the policy’s “fellow employee” exclusion. From a review of the record and of the authorities, we have concluded that the trial court did err in this regard.
Southern Guaranty does not dispute the fact that Pittman was a stockholder, a director, and “a person having a financial interest in the garage operations of the named insured.” Pittman claims policy coverage under that policy language. The undisputed evidence, however, also shows that Pittman was an employee of the insured company. Not only did he “run the *9 business” on a day-to-day basis, but “would actually get down at times and rub shoulders with the other employees there in the shop in helping them do things.” It is also clear from the evidence that the other two stockholders were not active in the management or operation of the business. Thus, under the explicit terms of the exclusionary language of the policy, Pittman was not an “insured” because he was a person “engaged in the business of his employer with respect to [injury to Johnson, a fellow employee who was] injured in the course of his employment.”. By way of comparison, the same exclusion would not have applied to the other two stockholders, Pittman’s cousin and his cousin’s wife.
The contrary holding of the trial court was based upon its finding that the policy was ambiguous because the exclusion applied to fellow employees but not to other defined insureds. With respect, we hold that such a selective choice does not make the otherwise clear terms of the policy ambiguous, and, accordingly, the policy must be enforced as written. Kinnon v. Universal Underwriters Ins. Co., 418 So.2d 887 (Ala.1982).
Our conclusion on the effectiveness of this exclusion finds support in the case of Home Indemnity Co. v. Reed Equipment Co., Inc., 381 So.2d 45 (Ala.1980). One of the issues in that case concerned a policy provision exactly like the one before us. This Court applied that provision as written, having no difficulty with its terms, observing:
“The language of this definition, by its plain wording, excludes as an insured an employee who is sued by a co-employee as a result of bodily injuries sustained in the course of employment. We find no ambiguity in this-” (Emphasis added.)
With regard to the issue of whether or not a supervisory employee of a corporate employer, such as Pittman was clearly shown to be, is a fellow employee under such an exclusion, the Home Indemnity Co. opinion is also decisive:
“A supervisory employee of a corporate employer, whatever his function, is not the employer — and, necessarily, falls on the ‘employee’ side of the employer/employee classification line. Indeed, were this not true, the third-party suit itself would fail....
“... We hold merely that a definition which is expressed in terms of ‘fellow employee,’ in the context of a corporate employment structure, refers to those company personnel other than the employer.”
Appellant has raised one other issue pertaining to the admission of certain evidence in the trial below. We have reviewed that issue but, in view of our conclusions above, it is unnecessary to amplify it in this opinion.
For the reasons stated, the trial court erred in failing to apply the subject exclusion in favor of defendant. The judgment of that court, therefore, must be, and it hereby is, reversed, and this cause is remanded to that court for an order not inconsistent with this opinion.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, JONES and SHORES, JJ., concur.