Appellant, Earnest Palmer, was employed by the Perry County Board of Education (hereinafter "Board") as Superintendent of the Perry County School System. Palmer was terminated by the Board. On July 2, 1985, following a termination hearing, the Board affirmed its termination of Palmer. Palmer subsequently brought suit against the Board and its members in their representative and individual capacities, alleging breach of contract. This appeal is from a summary judgment for the defendants. We affirm.
The Board had entered into a written contract with Palmer, whereby Palmer agreed to serve as Superintendent "from July 1, 1983, for a period of four (4) years ending June 30, 1987, and [to] do and perform all things necessary to be done as Superintendent under the laws of the State of Alabama and [to] be bound by all the rules and regulations heretofore or hereafter prescribed by the Board and the laws of the State of Alabama, and [to] meet all requirements of the Board and the State of Alabama." The contract further provided that the Board had the right to terminate the agreement for cause upon giving Palmer ten days' notice in writing, setting forth *Page 4 
the reasons for termination. Causes for termination were listed in the contract as "incompetency, willful neglect of duty, immorality, insubordination and misconduct in office."
On June 8, 1985, Palmer received a certified letter from the Board requesting his resignation within 30 days and stating that if he did not tender his resignation his employment would be terminated. Palmer received another certified letter from the Board dated June 19, 1985, which notified him that a hearing on his termination as Superintendent was set for July 1, 1985. This second letter set forth the following reasons for Palmer's termination:
"1. Neglect of duty
 "2. Failure to devote full-time to public school business
"3. Failure to report to work
 "4. Excessive absentees, in that you failed to appear at statutory mandated meeting in May and failed to report to work during a crucial period of time at the end of the school year. At said hearing you will have the right to contest the action of the board."
The Board met on July 1, 1985, for the purpose of allowing Palmer the opportunity to contest his termination as Superintendent of Education of the Perry County School System. Palmer attended this hearing, and he was represented by counsel before the Board. After hearing testimony, including that of Palmer, the Board voted to terminate Palmer.
The first issue to be addressed is whether the Board and its members are immune from suit based upon the doctrine of sovereign immunity. The Alabama Constitution provides for the sovereign immunity of the State as follows: "[T]he State of Alabama shall never be made a defendant in any court of law or equity." Ala. Const. (1901), art. I, § 14. With regard to this immunity of the State, it is well established that county boards of education are arms of the State:
 "County boards of education are not agencies of the counties, but local agencies of the state, charged by the legislature with the task of supervising public education within the counties. See §§ 16-8-8, -9, Code 1975; Clark v. Jefferson County Board of Education, 410 So.2d 23, 27 (Ala. 1982). They execute a state function — not a county function — namely, education. Sims v. Etowah County Board of Education, 337 So.2d [1310] at 1317 (Faulkner, J., dissenting), citing Alabama Constitution, Art. 13, § 256. Therefore, they partake of the state's immunity from suit to the extent that the legislature authorizes. Sims v. Etowah County Board of Education, 337 So.2d at 1316; Enterprise City Board of Education, [v. Miller] 348 So.2d [782] at 783." (Footnote omitted.)
Hutt v. Etowah County Board of Education, 454 So.2d 973, 974
(Ala. 1984).
County school boards are not immune from all suits, however; this fact was recently recognized and discussed by the Court inBelcher v. Jefferson County Board of Education, 474 So.2d 1063
(Ala. 1985):
 "They are not immune from all suits, however. Section 16-8-40, Code 1975, gives county boards of education the right to sue and contract. In Sims v. Etowah County Board of Education, 337 So.2d 1310
(Ala. 1976), this Court affirmed a dismissal by the lower court of a tort claim of negligence, but reversed the dismissal of the breach of implied contract counts. The Court cited the board's statutory right to sue and contract, supra, and stated as follows:
 "`This right to sue carries with it the implied right to be sued, Kimmons v. Jefferson County Board of Education, 204 Ala. 384, 85 So. 774 (1920), but only upon such matters as are within the scope of its corporate power. Morgan et al. v. Cherokee County Board of Education, 257 Ala. 201, 58 So.2d 134 (1952). Thus our cases recognize that a county board of education may be sued on its contracts.' *Page 5 
 "337 So.2d at 1313. The Court concluded by saying this:
 "`Having found that a county board of education has statutory authority to make a contractual undertaking with regard to the safety of premises it utilizes in conducting athletic contests which the public may view upon the payment of consideration, we must hold that the trial court erred in dismissing the contract counts.'
 "337 So.2d at 1314. Therefore, in the present case, the Jefferson County Board of Education is not automatically immune to a breach of contract action."
474 So.2d at 1065-66. The Belcher court held that it was error for the trial court to dismiss a breach of contract claim against the board of education based upon its failure to comply with its own evaluation policy.
In addition to possible liability under a contract claim, the Board members individually may be subject to a tort claim. The individual members of the Board are generally not protected by the constitutional immunity of § 14 where their actions are claimed to be negligent. DeStafney v. University of Alabama,413 So.2d 391 (Ala. 1981) (on rehearing). Individual Board members would be entitled to substantive immunity from alleged negligent conduct if their actions fall within the exercise of a discretionary function. Hickman v. Dothan City Board ofEducation, 421 So.2d 1257 (Ala. 1982); DeStafney, supra. The Board and its members are immune from tort actions in their official capacities by reason of sovereign immunity. WarriorHinkle, Inc. v. Andalusia City School Board, 469 So.2d 1285
(Ala. 1985); Hickman v. Dothan City Board of Education, supra;Enterprise City Board of Education v. Miller, 348 So.2d 782
(Ala. 1977).
Palmer insists that his complaint alleges breach of contract only, and that his claim is not a tort action. Palmer's pleadings are sufficient to allege a breach of contract claim on which relief could be granted. Although the Perry County Board of Education and the members of the Board are not automatically immune to a breach of contract action, we are compelled to conclude, under the facts and circumstances of this case, that the trial court was correct in granting summary judgment in favor of the Board and the Board members.
The trial court, in deciding to grant the motion for summary judgment, had before it the pleadings, a partial transcript of Palmer's termination hearing, sworn statements of Palmer given at the termination hearing, and the written contract between Palmer and the Board. The contract expressly stated that the Board had the right to terminate Palmer upon giving him ten days' notice in writing, setting out the reasons for termination. The causes for termination under the contract were also specifically set out in the agreement. It is apparent from Palmer's own testimony at his termination hearing that he was absent from work from May 18, 1985, until June 8, 1985, and that the Board was not apprised of his whereabouts during this time.
It is Palmer's contention that the Board breached the terms of its contract with him. The express terms of the contract regarding termination were followed by the Board. As this Court said in P S Business, Inc. v. South Central Bell TelephoneCo., 466 So.2d 928 (Ala. 1985):
 "Whether a contract is ambiguous is a question of law for the trial court to determine. Haddox v. First Alabama Bank of Montgomery, 449 So.2d 1226 (Ala. 1984). When the terms of a contract are clear and certain, it is the duty of the court and not the jury to analyze and determine the meaning of [the] contract. Id. The court may not construe a contract which is by its terms plain and free from ambiguity, but must enforce it as written. Kinnon v. Universal Underwriters Ins. Co., 418 So.2d 887 (Ala. 1982). Ambiguities will not be inserted into contracts by strained and twisted meaning where no such ambiguities exist. Michigan Mutual Liability Co. v. Carroll, 271 Ala. 404, 123 So.2d 920 (1960)."
466 So.2d at 931. *Page 6 
Giving the words of the contract their ordinary meaning, we find that the contract is unambiguous as a matter of law. As recognized by the Court in Food Service Distributors, Inc. v.Barber, 429 So.2d 1025, 1028 (Ala. 1983), "[i]f the court finds as a matter of law that a contract is unambiguous, then the construction and legal effect of that contract are a determination that may be appropriately made by summary judgment." (Citation omitted.)
Palmer also argues that the Board's action in terminating him was taken for political and personal reasons. The administration and supervision of school systems are vested in the county boards of education. Ala. Code 1975, §§ 16-8-8 and -9. In Hodges v. Board of Education of Geneva County, 245 Ala. 64, 16 So.2d 97 (1943), the Court considered a petition for writ of mandamus to require the board of education to reconsider and rescind its action in electing a particular individual as school bus driver. The petition alleged that the action was the result of personal and political considerations on the part of one member of the board of education. The Hodges
Court, noting that motive would not be considered unless it resulted in abuse of discretion, said: "Since the decision reached was within the discretion of the Board, it will not be disturbed." 245 Ala. at 67, 16 So.2d at 99. In the present case, the Board's action in terminating Palmer was within its discretion, and that fact precludes any consideration of motive on the part of the Board members.
In Alabama, summary judgment may be granted only when the materials on file "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56 (c), A.R.Civ.P. On motion for summary judgment, the moving party has the burden of negating the existence of any issue of material fact, and summary judgment cannot be granted if there is a scintilla of evidence supporting the nonmoving party. Ryan v. CharlesTownsend Ford, Inc., 409 So.2d 784 (Ala. 1981).
We find no scintilla of evidence to create a genuine issue of material fact regarding Palmer's claim that the Board and its members breached its contract with him. The Board followed the express terms of the contract in terminating Palmer for cause. The summary judgment in favor of the Board and its members is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and ADAMS, JJ., concur.