MUTUAL SERVICE CASUALTY
INSURANCE COMPANY,
Respondent (C6–99–551),

State Farm Mutual Automobile Insurance Company, Respondent
(C8–99–552),

v.

WEST BEND MUTUAL INSURANCE
COMPANY, et al., Appellants.

Nos. C6–99–551, C8–99–552.

Court of Appeals of Minnesota.

Sept. 21, 1999.

Bradley C. Warner, Jack D. Moore & Associates, St. Paul, for respondent Mutual Service Casualty Insurance Company.

Linc S. Deter, Brett W. Olander, Brett W. Olander & Associates, St. Paul, for respondent State Farm Mutual Automobile Insurance Company.

Gregory J. Johnson, Karen Melling van Vliet, Johnson & van Vliet, L.L.P., St. Paul, for appellants.

Considered and decided by DAVIES, Presiding Judge, WILLIS, Judge, and SHUMAKER, Judge.

## OPINION

DAVIES, Judge.

Appellant West Bend Mutual Insurance Company insures Stillwater Motor Company and L.A. Nelson Auto Sales, both auto dealers. West Bend's policy excludes liability coverage for customers involved in accidents while driving the auto dealers' cars if the customers carry their own personal automobile insurance coverage. Customers of both dealers were involved in accidents while driving dealer-owned vehicles. West Bend denied coverage, and respondent insurers, who insured the customers' personal vehicles, each brought suit against West Bend. The district courts ruled in both instances that the West Bend liability coverage was primary because its customer-exclusion provision violated the Minnesota No–Fault Automobile Insurance Act and was not enforceable. We affirm.

## FACTS

*State Farm v. West Bend*

In March 1997, Jane Garrett was involved in an accident while driving a vehicle owned by Stillwater Motor Company and loaned to her. A passenger was injured and the other vehicle involved in the accident was damaged. Garrett's personal vehicle was insured by respondent State Farm Mutual Automobile Insurance Company.

Stillwater Motor Company had a "garage" policy issued by appellant West Bend Mutual Insurance Company. West Bend denied coverage on the ground that Garrett was not an "insured" under its garage policy. State Farm settled the accident claims against Garrett and then brought suit against West Bend to recover its defense costs and settlement payments, claiming that the West Bend policy was primary and that West Bend must therefore provide liability coverage for Garrett.

The parties brought cross-motions for summary judgment. The Washington County District Court granted State Farm's motion and denied West Bend's motion, ruling that, under *Hertz Corp. v. State Farm Mut. Ins. Co.*, 573 N.W.2d 686 (Minn.1998), West Bend must provide primary liability coverage for Garrett.

*Mutual Service v. West Bend*

In February 1998, William Snelling was involved in an accident while test-driving a vehicle owned by L.A. Nelson Auto Sales. The driver of the other vehicle was injured, and he brought suit against Snelling

and L.A. Nelson. Snelling's personal vehicle was insured by respondent Mutual Service Casualty Insurance Company (MSI).

L.A. Nelson also had a "garage" policy issued by West Bend. As with the Stillwater Motor Company claims, West Bend denied coverage, asserting that Snelling was not an "insured" under the policy. MSI initiated a declaratory judgment action against West Bend to determine coverage and moved for summary judgment. The Ramsey County District Court granted the motion, ruling that West Bend has the primary obligation to defend Snelling because its limiting definition of "insured" was not enforceable under the no-fault act.

West Bend brings this consolidated appeal of both judgments.

## ISSUES

I. Does a garage insurance policy provision that defines "insured" to exclude a customer who has another source of coverage violate the Minnesota No–Fault Automobile Insurance Act?

II. Can *Hertz Corp. v. State Farm Mut. Ins. Co.,* 573 N.W.2d 686 (Minn. 1998), be applied retroactively in these two cases?

## ANALYSIS

These cases involve review of summary judgment and issues of statutory and contract interpretation, which are questions of law subject to de novo review. *Meister v. Western Nat'l Mut. Ins. Co.,* 479 N.W.2d 372, 376 (Minn.1992).

## I.

■ The Minnesota No–Fault Automobile Insurance Act, Minn.Stat. §§ 65B.41–.71 (1998), requires that every automobile *owner* maintain

a plan of reparation security * * * insuring against loss resulting from liability imposed by law for injury and prop-

erty damage sustained by any person arising out of the ownership, maintenance, operation or use of the vehicle. The plan of reparation security shall provide for basic economic loss benefits and residual liability coverage in amounts not less than those specified in section 65B.49, subdivision 3, clauses (1) and (2).

Minn.Stat. § 65B.48, subd. 1 (1998). Since 1994, the no-fault act has also provided that, where a permissive user is operating a "nonowned" vehicle, the permissive user's

residual liability insurance policy shall be excess of a nonowned vehicle policy whether the nonowned vehicle is borrowed or rented, or used for business or pleasure. A nonowned vehicle is one not used or provided on a regular basis.

Minn.Stat. § 65B.49, subd. 3(3)(d) (1998); 1994 Minn. Laws ch. 485, § 53.

The West Bend policies insuring Stillwater Motor Company and L.A. Nelson Auto Sales provide liability coverage as follows:

a. The following are "insureds" for covered "autos:"

* * * *

(2) *Anyone else* while using with your permission a covered "auto" you own, hire or borrow *except:*

* * * *

(d) *Your customers,* if your business is shown in the Declarations as an "auto" dealership. However, if a customer of yours:

(i) Has no other available insurance (whether primary, excess or contingent), they are an "insured" but only up to the compulsory or financial responsibility law limits

* * *.

(Emphasis added.)

The outcome of this case turns on Minn. Stat. § 65B.49, subd. 3(3)(d), added by the 1994 amendment to the no-fault act. The enactment of subdivision 3(3)(d) changed

the landscape for insurers of rental and loaner vehicles, as shown by the supreme court's decision in *Hertz Corp. v. State Farm Mut. Ins. Co.*, 573 N.W.2d 686 (Minn.1998).

In *Hertz*, a rental-car agreement provided that Hertz (a self-insured company) would not defend or indemnify a customer if the customer was covered "by any valid and collectible automobile liability insurance." *Hertz*, 573 N.W.2d at 687. The supreme court determined that Hertz did not meet

> its obligations as an automobile owner under the No–Fault Act by thrusting upon the renter its responsibility to provide liability coverage—that is, by providing liability coverage only in the event that the renter is *without* liability coverage.

*Id.* at 688–89 (emphasis in original). The court held that Hertz's attempt to limit its "liability obligation to situations in which there is no other coverage, contravenes the No–Fault Act and is, therefore, unenforceable." *Id.* at 690. The court also held that, under Minn.Stat. § 65B.49, subd. 3(3)(d), Hertz's coverage was primary to the driver's own insurance policy. *Id.* at 691.

■ The same is true here. West Bend's auto dealers' policy excludes liability coverage for garage customers if the customer is covered by "other available insurance." It does so by defining "insured" to exclude customers who have another source of coverage. By so limiting its coverage, West Bend is shifting the burden of providing primary insurance from the automobile owner (the auto dealer) to the permissive user (the customer). But the no-fault act, as amended in 1994, requires the owner, not the driver, to provide the primary liability coverage. West Bend's *contingent* liability coverage contravenes the requirements of the no-fault act and is unenforceable. *See Hertz*, 573 N.W.2d at 689 (contract provisions which conflict with statutory law will not be enforced).

West Bend claims that *Hertz* does not apply because the *Hertz* rental agreement attempted to eliminate *all* liability coverage in violation of its "owner" insuring obligations, whereas the West Bend policy still provides $500,000 in coverage for the auto dealer as owner. This reads *Hertz* too narrowly. Although *Hertz* used different contracting language, both provisions seek to accomplish the same thing: shifting the primary duty to defend to the permissive user's coverage. *Hertz* held that such an attempt violates the no-fault act and will not be enforced.

West Bend argues that *Leegaard v. Universal Underwriters Ins. Co.*, 255 N.W.2d 819 (Minn.1977), and *Dairyland Ins. Co. v. Implement Dealers Ins. Co.*, 294 Minn. 236, 199 N.W.2d 806 (1972), apply here. But *Leegaard* and *Dairyland* involved accidents that happened before the 1994 amendment to the no-fault act— and even before the act itself became effective on January 1, 1975. To the extent *Leegaard* and *Dairyland* conflict with *Hertz*, they were overruled by that case.

## II.

West Bend also argues that the *Hertz* opinion should not be applied retroactively. But retroactive application of the *Hertz* decision is not even at issue. In *Hertz*, the supreme court construed and applied Minn.Stat. §§ 65B.48 and 65B.49 and concluded that, with the 1994 amendment to the no-fault act, the contingent coverage offered by Hertz was inconsistent with the no-fault act. *Hertz*, 573 N.W.2d at 689. Similarly, in this case it is Minn.Stat. § 65B.49, subd. 3(3)(d), in effect since 1994, that controls.

## DECISION

Under the statute, and *Hertz Corp. v. State Farm Mut. Ins. Co.*, 573 N.W.2d 686 (Minn.1998), the West Bend "garage" policy provision that defines "insured" to exclude garage customers who have other liability coverage violates the Minnesota

No–Fault Automobile Insurance Act and is unenforceable. The district courts did not err in granting summary judgments that West Bend must provide primary liability coverage for the damages resulting from the accidents in which Garrett was driving a loaner vehicle owned by Stillwater Motor Company and Snelling was test-driving a vehicle owned by L.A. Nelson Auto Sales.

**Affirmed.**