JOHN DOES 1, 2, 3 and 4, Plaintiffs,

v.

The COVINGTON COUNTY SCHOOL BOARD, et al., Defendants.

Civ. A. No. 94–D–440–N.

United States District Court,
M.D. Alabama,
Northern Division.

March 10, 1995.

Stanley J. Murphy, Tuscaloosa, AL, Ray O. Noojin, Jr., Birmingham, AL, for plaintiffs.

Mark S. Boardman, Perry G. Carroll, Birmingham, AL, for defendants.

### MEMORANDUM OPINION AND ORDER

DE MENT, District Judge.

Before the court is the defendants' motion to dismiss filed May 9, 1994. On May 31, 1994, the defendants filed a brief in support of their motion to dismiss, to which the plaintiffs responded in opposition on June 13, 1994. After careful consideration of the arguments of counsel, the caselaw and the record as a whole, the court finds that the defendants' motion is due to be granted in part and denied in part.

### JURISDICTION

The court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1343 (civil rights jurisdiction) and 28 U.S.C. § 1331 (federal question jurisdiction). This court also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the plaintiffs' pendent state law claims. The parties do not contest personal jurisdiction or venue.

### STANDARD OF REVIEW

■ When ruling on a motion to dismiss for failure to state a claim, the court must assume that the factual allegations in the complaint are true. *Neitzke v. Williams,* 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Fed.R.Civ.P. 12(b)(6). Assuming that the facts are true, a complaint may be dismissed under 12(b)(6) only "if it is clear that no relief could be granted" under any set of facts that could be proved consistent with the allegations. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984).

### FACTS

Construing all the allegations of the complaint as true, the court finds the following facts controlling in this action:

Plaintiffs John Does 1, 2, 3 and 4 commenced this action on April 14, 1994, claiming that the defendants are liable for sexual abuse allegedly committed by a public school teacher. The named defendants are the Covington County School Board of Education (hereafter the "Board"); five members of the Board sued in their individual and official capacities; Terry Holley, sued in his individual and official capacity as principal of the W.S. Harlan Elementary School; and Dale Odom, sued in his individual and official capacity as superintendent of education for Covington County, Alabama.

The plaintiffs, who are males ranging from ages eight to eleven, attend or have attended the W.S. Harlan Elementary School in Lockhart, Alabama. The complaint alleges that a male third-grade teacher sexually harassed and abused the plaintiffs for periods of a year or more. The alleged abuse included acts of sodomy and took place in the class-

room, on school outings, in school buses and at the teacher's home. The plaintiffs further contend that the Board, the principal and their agents had actual and constructive notice of the potential of the teacher in question to engage in inappropriate sexual behavior with male students and failed to the protect the plaintiffs from harm.

The plaintiffs further assert that neither the Board, the principal or any agents thereof investigated complaints made against the teacher nor took any measures to provide counseling for those students who had been abused. In addition, the plaintiffs allege that after public disclosure of the alleged incidents of sexual abuse, neither the Board, the principal or any agents thereof took action to determine if there were other victims of abuse among the current and former students of the elementary school.

Count I of the complaint asserts a violation of the Fourteenth Amendment of the United States Constitution, as enforced by 42 U.S.C. § 1983. Count II predicates liability under Title IX of the Education Amendments of 1972, as amended, 20 U.S.C. §§ 1681, et seq. Count III alleges pendent state tort claims of sexual abuse and harassment, outrage, negligence[1], and sexual assault. The plaintiffs seek injunctive and monetary relief, as well as attorneys' fees and costs of court.

## DISCUSSION

The defendants challenge the allegations in the complaint, asserting (1) that the plaintiffs have failed to state a claim under Title IX of the Education Amendments of 1972; (2) that the complaint is due to be dismissed for failure to identify the names of the plaintiffs; (3) that the complaint fails to state a claim under 42 U.S.C. § 1983 for an alleged deprivation of substantive due process rights guaranteed by the Fourteenth Amendment; (4) that even if the § 1983 claim is cognizable, the defendants are entitled to qualified immunity; (5) that the doctrine of sovereign immunity prohibits tort actions against state officials sued in their official capacities; (6) that the defendants are entitled to discretion-

ary immunity as to the tort claims asserted against them; and (7) that the negligence claim is due to be dismissed on authority of *W.L.O. v. Smith,* 585 So.2d 22 (1991).

## I. TITLE IX OF THE EDUCATION AMENDMENTS OF 1972

■ The defendants assert that the complaint fails to state a federal claim under Title IX because the plaintiffs have not "identif[ied] either the federal funds involved or [a] specific violation of law." Def.s' Mot. Dismiss at ¶ 1. Title IX of the Education Amendments of 1972, as amended, 20 U.S.C. §§ 1681, *et seq.,* prohibits sex discrimination by educational institutions receiving federal financial assistance. The defendants argue that coverage under Title IX is limited to alleged discrimination occurring within a specific program receiving federal assistance. Thus, for example, if the Board received federal aid but did not apply any of that money to its athletic program, then the athletic program would not be required to comply with Title IX.

Although the "program-specific" requirement at one time restricted the scope of Title IX coverage, *see Grove City College v. Bell,* 465 U.S. 555, 104 S.Ct. 1211, 79 L.Ed.2d 516 (1984), where Congress expressly removed that requirement when it enacted the Civil Rights Restoration Act of 1987 (hereafter "Act"). The Act greatly expands the protections afforded by Title IX. Now, an educational institution receiving federal financial assistance faces Title IX sanctions if any program in the institution discriminates on the basis of sex, whether or not the offending program receives federal assistance.

To come within Title IX's reach, the institution must (1) be educational in nature, (2) receive federal financial assistance and (3) have engaged in discrimination on the basis of sex. Applying these elements to the instant case, the court finds that the plaintiffs have sufficiently pleaded each element: An elementary school is obviously educational in nature; the plaintiffs have stated that the

---

1. The plaintiffs contend that the defendants are liable for the "negligent hiring, supervision, and monitoring of a sexually predatory third-grade teacher" and for the negligent failure to investigate complaints made against the teacher. Pl.s' Compl. at ¶¶ 30, 31.

"Board is a recipient of federal funds under a variety of assistance programs," *see* Pl.'s Compl. at ¶ 24; and the plaintiffs contend that a teacher sexually molested them. Accordingly, the court finds that the defendants' motion to dismiss the Title IX claim is due to be denied.

## II. ANONYMITY OF PLAINTIFFS

■ The defendants also assert that the court should dismiss the complaint because it does not identify the names of the plaintiffs. Presumably this argument is based upon Rule 10(a) of the *Federal Rules of Civil Procedure*, which provides in part that "[i]n the complaint the title of the action shall include the names of the parties." While the Rules do not provide for anonymous plaintiffs, courts in exceptional circumstances may permit plaintiffs to use fictitious names. *See Doe v. Stegall*, 653 F.2d 180 (5th Cir.1981)[2] (discussing factors for consideration by a court in deciding whether to permit party anonymity).[3]

■ In recognizing the vulnerability and tender age of each plaintiff, as well as the sensitive issues involved in the case, the court issued a stamped order on April 19, 1994, granting the plaintiffs' motion for leave to proceed without disclosure of names. Accordingly, the court finds that the defendants' motion to dismiss based on party anonymity is due to be denied.

## III. § 1983 CLAIM BASED UPON THE FOURTEENTH AMENDMENT

The plaintiffs assert that the defendants' failure to prevent the alleged sexual abuse by the public school teacher "violate[d] the rights of the plaintiffs to personal safety, security and privacy guaranteed by the [F]ourteenth [A]mendment," as enforced by 42 U.S.C. § 1983.[4] Pls' Compl. at ¶ 18. The defendants, however, argue that the complaint fails to plead a violation of the Fourteenth Amendment and merely asserts a state law claim for assault and battery.

To maintain a § 1983 claim based upon a constitutional violation, the plaintiffs must allege (1) that the defendants acted "under color of state law" and (2) that the defendants' actions violated constitutionally-protected rights. 42 U.S.C. § 1983. The plaintiffs rely on the Court of Appeals for the Fifth Circuit's opinion in *Doe v. Taylor Indep. School Dist.*, 15 F.3d 443, 452 (5th Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 70, 130 L.Ed.2d 25 (1994), wherein the court held that school officials have a constitutional duty to protect students from harm. While the Eleventh Circuit has not been confronted with the same issue, the plaintiffs urge the court to adopt the reasoning in *Taylor.* There, a high-school teacher sexually molested a fifteen-year-old freshman student.[5] When school officials failed to take action, the plaintiff brought suit under § 1983 against the teacher, the principal, the superintendent and the school district.

■ The plaintiff alleged that the defendants, while acting under color of state law, violated her substantive due process rights

---

**2.** Decisions of the former Fifth Circuit filed prior to October 1, 1981, constitute binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (*en banc* ).

**3.** The old Fifth Circuit stated that while the court is not bound by rigid rules, "[t]he decision requires a balancing of considerations calling for maintenance of a party's privacy against the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Stegall*, 653 F.2d at 186.

**4.** Section 1983 prohibits persons acting under color of state law from depriving any person of any rights, privileges, or immunities secured by the United States Constitution or federal law.

**5.** Lyn Stroud ("Stroud"), a teacher and a coach, had a reputation of behaving inappropriately toward female students. While the plaintiff was a student in Stroud's biology class, he began seducing her. Among other things, he wrote sexually-suggestive comments on her homework, gave her gratuitous grades, walked her to class, allowed her to borrow his car and take her friends to lunch, bought her alcoholic beverages and took her to a rock concert. His pursuit did not end here. Stroud began touching and kissing the plaintiff, which eventually escalated to heavy petting and then sexual intercourse. Rumors as to Stroud and the plaintiff's relationship began circulating among the students and faculty. Both students and their parents complained to the principal and superintendent about Stroud's suspicious behavior.

guaranteed by the Fourteenth Amendment. The court held that:

> schoolchildren do have a liberty interest in their bodily integrity that is protected by the Due Process Clause of the Fourteenth Amendment and that physical sexual abuse by a school employee violates that right. Second, we hold that school officials can be held liable for supervisory failures that result in the molestation of a schoolchild if those failures manifest a deliberate indifference to the constitutional rights of that child.

*Id.* at 445.

The court then adopted a three-part test for determining when a supervisory school official may be held individually liable for a subordinate's violation of a public school student's constitutional right to bodily integrity. Accordingly, the court held that an aggrieved student must show that:

> (1) the defendant learned of facts or a pattern of inappropriate sexual behavior by a subordinate pointing plainly toward the conclusion that the subordinate was sexually abusing the student;
>
> (2) the defendant demonstrated deliberate indifference toward the constitutional rights of the student by failing to take action that was obviously necessary to prevent or stop the abuse; and
>
> (3) such failure caused a constitutional injury to the student.

*Id.* at 454.

■ The court finds no difficulty or hesitation in following the holding in *Taylor* as pronounced by the Fifth Circuit only last year.[6] In recognizing a substantive due process claim, the next issue is whether the complaint states a claim upon which relief

can be granted. The court finds that it does, thus precluding the granting of the motion to dismiss. The plaintiffs have alleged that the board and its members, the principal and the superintendent had knowledge of the teacher's continuous sexual contact with the plaintiffs and failed to remedy the problem. In addition, the plaintiffs allege that the defendants' conduct constituted "a deliberate indifference" to the school children, *see* Pl.s' Compl. at ¶ 19, resulting in a deprivation of rights guaranteed by the Fourteenth Amendment. In viewing the allegations of the complaint as true, the court finds that the facts will entitle the plaintiffs to relief.

The defendants also have raised the defense of qualified immunity, a personal defense which protects public officials from liability in the performance of their discretionary duties. The court reserves ruling on the issue of qualified immunity until such time as the court's rules on the defendants' motion for summary judgment.

## IV. PENDENT STATE LAW CLAIMS

■ In determining whether a plaintiff has stated a claim, a court first must determine whether it has jurisdiction to award the relief demanded. The doctrine of sovereign immunity provides that "[t]he state of Alabama shall never be made a defendant in any court of law or equity." Ala. Const., Art. I, § 14. The Supreme Court of Alabama repeatedly has held that county boards of education are arms of the state and, thus, not subject to tort liability under the doctrine of sovereign, i.e., absolute immunity. *Belcher v. Jefferson County Bd. of Educ.*, 474 So.2d 1063, 1065–66 (Ala.1985); *Palmer v. Perry County Bd. of Educ.*, 496 So.2d 2, 5 (Ala. 1986) ("The board and its members are im-

---

6. The court finds that its decision does not contravene the holding in *McKinney v. Pate*, 20 F.3d 1550 (11th Cir.1994), *cert. denied*, —— U.S. ——, 115 S.Ct. 898, 130 L.Ed.2d 783 (1995). In *McKinney*, the Court of Appeals for the Eleventh Circuit held that "areas in which substantive rights are created only by state law (as is the case with tort law and employment law) are not subject to substantive due process protection under the Due Process Clause because 'substantive due process rights are created only by the Constitution.'" *Id.* at 1556 (citing *Regents of Univ. of*

*Mich. v. Ewing*, 474 U.S. 214, 229, 106 S.Ct. 507, 515, 88 L.Ed.2d 523 (1985)).

While the Eleventh Circuit's holding overruled ten years of precedent, the court stated that its decision did not "eviscerate all of [its] substantive due process precedent." *Id.* at 1560, n. 15. The court opined that "... there continue to be rights that a state may not remove, regardless of the process, as well as actions that cannot be countenanced, regardless of the appropriateness of the process." *Id.*

mune from tort actions in their official capacities by reason of sovereign immunity.").

The Supreme Court of Alabama in *Hutt v. Etowah County Bd. of Educ.*, 454 So.2d 973 (Ala.1984), explained the rationale:

> County boards of education are not agencies of the counties, but local agencies of the state, charged by the legislature with the task of supervising public education within the counties. *See* §§ 16–8–8, –9, Code 1975; *Clark v. Jefferson County Board of Education*, 410 So.2d 23, 27 (Ala. 1982). They execute a state function—not a county function—namely, education. *Sims v. Etowah County Board of Education*, 337 So.2d [1310,] at 1317 (Faulkner, J., dissenting), citing Alabama Constitution, Art. 13 § 256. Therefore, they partake of the state's immunity from suit to the extent that the legislature authorizes. *Sims v. Etowah County Board of Education*, 337 So.2d at 1316; *Enterprise City Board of Education [v. Miller]*, 348 So.2d [782,] at 783.

*Id.* at 974 (internal footnote omitted). This immunity also extends to the superintendent and the principal in their official capacities. *See Hickman v. Dothan City Bd. of Educ.*, 421 So.2d 1257, 1259 (Ala.1982). Under the authorities cited, the court finds that the Board and its members, as well as the superintendent and the principal, are entitled to sovereign immunity in their official capacities for the state tort claims alleged.

The defendants, however, in their individual capacities are not entitled to sovereign immunity. *See Palmer*, 496 So.2d at 5 (holding that individual board members may be held personally liable for their negligent conduct). The defendants in their individual capacities may, however, "be entitled to substantive immunity [i.e., discretionary immunity] from alleged negligent conduct if their action falls within the exercise of a discretionary function." *Id.* (brackets supplied), citing *Hickman v. Dothan City Board of Educ.*, 421 So.2d 1257 (Ala.1982). While the court declines to rule on the issue of substantive immunity at this time, it will consider the immunity defense, as well as the applicability of *Hill v. Allen*, 495 So.2d 32 (1986), when the court rules on the defendants' pending motion for summary judgment.

The defendants further argue that they may not be held liable for negligence based on the criminal activities of third persons. The defendants cite *W.L.O. v. Smith*, 585 So.2d 22 (Ala.1991), asserting that this case is factually and legally identical to the case *sub judice*. There, the mother of a kindergarten student brought an action against the city board of education, the members of the board, the principal and the kindergarten teacher for failure to prevent an alleged sexual assault, which occurred on school grounds by unidentified third parties. As to the negligent supervision claim, the Supreme Court of Alabama affirmed the trial court's granting of summary judgment in favor of the defendants, holding that the plaintiff failed to produce any evidence that the defendants had acted negligently so as to allow the assault to occur or that the defendants knew of this attack or of any prior assaults.

The court finds *W.L.O.* distinguishable from the instant case for several reasons. First, in analyzing a 12(b)(6) motion, the court must construe the allegations in the complaint as true as opposed to a motion for summary judgment where the nonmoving party must produce evidence and may not rely solely on the pleadings. Second, the complaint here alleges that the teacher had engaged in continuous acts of molestation of which the defendants were aware. Third, the alleged sexual abuser was employed by the defendants and was not an unknown trespasser. If the plaintiffs' allegations are established as true, i.e., that the defendants in fact knew of the teacher's sexual conduct and tolerated such behavior, then the defendants should be held liable for negligence. Accordingly, the court finds that as to the negligence claim, the defendants' motion to dismiss is due to be denied.

### CONCLUSION

For the reasons stated herein, it is CONSIDERED and ORDERED as follows:

(1) that the defendants' motion to dismiss the plaintiffs' claim under Title IX of the Education Amendments of 1972 be and the same is hereby DENIED.

(2) that the defendants' motion to dismiss the plaintiffs' claim for failure to disclose the names of the plaintiffs be and the same is hereby DENIED.

(3) that as to the defendants' assertion that the plaintiffs' § 1983 claim is not cognizable, the motion to dismiss concerning the same be and the same is hereby DENIED.

(4) that as to the defendants' defense of qualified immunity under § 1983, the court RESERVES ruling until such time as the court rules on the defendants' pending motion for summary judgment.

(5) that as to the plaintiffs' pendent state tort claims against the defendants in their *official* capacities, the defendants' motion to dismiss be and the same is hereby GRANTED.

(6) that as to the defendants' defense of discretionary immunity as to the pendent state tort claims, the court RESERVES ruling until such time as the court rules on the defendants' pending motion for summary judgment.

(7) that the defendants' assertion that the negligence claim is due to be dismissed on authority of *W.L.O. v. Smith,* 585 So.2d 22 (1991), the motion to dismiss concerning same be and the same is hereby DENIED.