The standard of review an appellate court must apply to a judgment granting a *Page 475 
motion to dismiss filed pursuant to Rule 12(b)(6), Ala.R.Civ.P., is relatively strict:
 "On appeal, a dismissal is not entitled to a presumption of correctness. Jones v. Lee County Commission, 394 So.2d 928, 930 (Ala. 1981); Allen v. Johnny Baker Hauling, Inc., 545 So.2d 771, 772
(Ala.Civ.App. 1989). The appropriate standard of review under Rule 12(b)(6)[, Ala.R.Civ.P.,] is whether, when the allegations of the complaint are viewed most strongly in the pleader's favor, it appears that the pleader could prove any set of circumstances that would entitle her to relief. Raley v. Citibanc of Alabama/Andalusia, 474 So.2d 640, 641
(Ala. 1985); Hill v. Falletta, 589 So.2d 746
(Ala.Civ.App. 1991). In making this determination, this Court does not consider whether the plaintiff will ultimately prevail, but only whether she may possibly prevail. Fontenot v. Bramlett, 470 So.2d 669, 671 (Ala. 1985); Rice v. United Ins. Co. of America, 465 So.2d 1100, 1101 (Ala. 1984). We note that a Rule 12(b)(6) dismissal is proper only when it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief. Garrett v. Hadden, 495 So.2d 616, 617 (Ala. 1986); Hill v. Kraft, Inc., 496 So.2d 768, 769 (Ala. 1986)."
Nance v. Matthews, 622 So.2d 297, 299 (Ala. 1993).
The majority takes the position that Phillips is precluded from recovering from the school because there was no approval of the contract that is the basis of Phillips's complaint by the board of education. Phillips's complaint and the defendant's motion to dismiss do not indicate whether the county board of education had approved a contract between Phillips and West Morgan High School and/or Bruce Kimball, the principal of that school. Under the standard set out by our supreme court in Nance, there is a "set of circumstances that would entitle [Phillips] to relief." 622 So.2d at 299. That set of circumstances might be, for instance, that the county board of education had, in fact, approved the contract that is the basis of Phillips's complaint. See § 16-8-40, Ala. Code 1975 (providing that a county board of education has the power to contract and to sue); Palmer v. Perry County Bd. of Educ., 496 So.2d 2,4 (Ala. 1986) (noting that the right to sue carries with it the right to be sued and indicating that a county board of education may be sued on its contracts). Because Phillips could prevail on his claim if the evidence supports those circumstances, I believe that Phillips stated a claim upon which relief could be granted and that the motion to dismiss was improperly granted by the trial court. Therefore, I respectfully dissent.
MURDOCK, J., concurs.