**Richard L. BOLDT, Respondent,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant.**

**No. C7–82–1425.**

Supreme Court of Minnesota.

March 23, 1984.

Robert R. Dunlap Jeffrey A. Hanson, Rochester, for appellant.

George F. Vogel, Red Wing, for respondent.

SCOTT, Justice.

The defendant State Farm Mutual Automobile Insurance Company appeals from an order [1] of the Goodhue County District Court amending the judgment entered therein extending underinsured motorist coverage for the benefit of the plaintiff Richard L. Boldt upon the basis that the insurer failed to make the statutory offer

1. The appeal was perfected prior to the amendment of the Rules of Civil Appellate Procedure

and, as such, was authorized by the preamendment Rule 103.03(a).

of underinsured motorist coverage to him. Minn.Stat. § 65B.49, subd. 6(e) (1976) (repealed 1980). We reverse.

The plaintiff-insured Boldt was injured on July 29, 1980 when the motorcycle he was operating collided with a pickup truck in Dakota County. At the time of the accident, he had four policies of insurance issued by the defendant State Farm, providing coverage on his four owned vehicles, a 1971 Oldsmobile, a 1972 Ford Maverick, a 1979 Ford pickup truck and a 1980 Ford Mustang. The first two policies were purchased effective October 6, 1976, the third was effective on February 1, 1979 and the last was effective on April 15, 1980.[2] Each policy was renewed annually and each provided the same coverage. No underinsured motorist coverage was provided to Boldt.

Boldt has alleged that because the liability insurance limitations of the policy issued to the other driver and owner were $50,000, he could not be fully compensated for his injuries. As a result, he commenced this action to obtain a judicial declaration that underinsured motorist coverage be added to his policies of insurance with the defendant by operation of law because its agents had allegedly failed to offer the coverage as mandated by section 65B.49, subd. 6(e). The district court found that the insurer had failed to make the requisite offer and therefore found that coverage existed with respect to the three policies issued during the period the statute was effective. This appeal followed.

■ Minn.Stat. § 65B.49, subd. 6(e) (1976) (repealed 1980) required reparation obligors to offer optional coverages in addition to compulsory coverages. We have held in a series of decisions relating to the sufficiency of an offer of coverage that such an offer may be made in writing or orally, but the burden of proving the offer and its adequacy is upon the insurer. *Holman v. All Nation Ins. Co.*, 288 N.W.2d 244, 249 (Minn.1980). The insured must be given "enough information to make an intelligent decision about optional coverag-

es." *League General Ins. Co. v. Tvedt*, 317 N.W.2d 40, 42 (Minn.1980).

In *Hastings v. United Pacific Ins. Co.*, 318 N.W.2d 849 (Minn.1982), we enunciated four criteria relevant to a determination of whether there has been compliance with the mandatory offer provision. The criteria were that the notification be commercially reasonable; that the insurer specify the limits of optional coverage and not merely offer additional coverage in general terms; that the insurer intelligibly advise the insured of the nature of the optional coverage; and that the insured be apprised that optional coverages are available for a relatively modest increase in premiums.

■ Our review of the record requires the conclusion that the insurer did not satisfy the *Hastings* criteria and therefore did not make the mandatory offer of the optional coverage to Boldt. However, under the unique circumstances presented, it is then necessary to ascertain whether the prospective insured Boldt waived the statutory protection of the mandatory offer.

Boldt was insured by Illinois Farmers Insurance Company in 1976 when he contacted the defendant's agent, the Tollison Insurance Agency, to obtain information regarding premiums he would pay for coverage similar to that offered by Illinois Farmers for liability coverage on his Kawasaki motorcycle. The record establishes that at the time of his first contact with the agency and later contacts, Boldt specifically limited the scope of the conversation with the agent to a quotation of premiums for the exact coverage he had obtained from Illinois Farmers. In fact, he delivered a copy of his policy to the Tollison Agency for the purpose of a direct price comparison.

An employee of the agency testified that it was her standard practice to explain all coverages, including optional coverages, to prospective insureds but that Boldt interrupted her explanation and insisted that

---

**2.** Because the fourth policy was effective after the April 12, 1980 effective date of the repealer of Minn.Stat. § 65B.49, subd. 6(e) (1976) (re-pealed 1980), it is not properly a subject of this action. The trial court so found.

she limit the discussion to the information he requested. His statement to the employee was that "I don't want anything else but what I have now. I want an apples to apples comparison." Boldt's testimony substantially supports the employee's recollection.

The contacts between the defendant's agent and Boldt continued as he purchased additional vehicles in 1979 and 1980. Upon each occasion, Boldt specifically requested that he be provided with the same coverage he held on his other automobiles. Boldt could not recall whether on either occasion optional coverages were mentioned, but did not dispute the claim that the practice of the office was to explain all coverages.

In our view, the insurer is relieved from the statutory obligation where, as here, a prospective insured interrupts the explanation and repeatedly and adamantly designates the type of coverage he desires to purchase. A reasonable interpretation of Minn.Stat. § 65B.49, subd. 6(e) (1976) (repealed 1980) would not require an insurer, attempting to deal with a prospective client, to insist that the individual listen to and understand a lengthy sales presentation in which he has specifically stated he has no interest. As a result, although the district court was correct in concluding that there was no mandatory offer, its decision to afford coverage by operation of law is reversed upon the basis that the insured has, by his conduct, waived the statutory protection.

Reversed.