**Eugene HAUER, as trustee for the heirs of Jeffery Lawrence Hauer, deceased, Respondent,**

v.

**INTEGRITY MUTUAL INSURANCE COMPANY, Appellant.**

**No. C6–83–891.**

Supreme Court of Minnesota.

Aug. 3, 1984.

Eric J. Magnuson, Jeanne H. Unger, Mary W. Mason, Minneapolis, amicus curiae for Illinois Farmers Ins. Co.

PETERSON, Justice.

On May 30, 1981, Jeffery Hauer was fatally injured in an automobile accident when the vehicle he was driving collided with an underinsured vehicle. Plaintiff, Eugene Hauer, Jeffery's father, was insured by defendant, Integrity Mutual Insurance Company (Integrity). Hauer first purchased automobile insurance from Integrity in November 1965. Between 1965 and 1980, Hauer renewed his policy every 6 months without change. The policy did not provide underinsured motorist coverage.

Hauer brought an action for declaratory judgment in Hennepin County District Court to have underinsured motorist coverage read into his insurance contract in effect on May 30, 1981. On cross-motions for summary judgment the trial court granted Hauer's motion, ruling that, notwithstanding legislative repeal of the mandatory requirement that insurers offer underinsured coverage to their policyholders, the Minnesota General Savings Clause, Minn.Stat. § 645.35 (1982) (savings clause),[1] preserved Hauer's continuing right to have underinsured motorist coverage judicially read into his policy because Integrity had breached its duty to offer Hauer such coverage. Integrity appeals, and we reverse.

The Minnesota Legislature, effective January 1, 1975, made mandatory the requirement that insurers offer underinsured motorist coverage to all policyholders. *See* Act of April 11, 1974, ch. 408, § 9, 1974 Minn.Laws 762, 773–774 (codified as Minn. Stat. § 65B.49, subd. 6(e) (1974)).[2] Earlier

Leon R. Erstad, Minneapolis, for appellant.

Diane C. Hanson, Minneapolis, for respondent.

1. Minn.Stat. § 645.35 (1982) provides:
   The repeal of any law shall not affect any right accrued, any duty imposed, any penalty incurred, or any proceeding commenced, under or by virtue of the law repealed. Any civil suit, action, or proceeding pending to enforce any right under the authority of the law repealed shall and may be proceeded with and concluded under the laws in existence when the suit, action, or proceeding was instituted, notwithstanding the repeal of such laws; or the same may be proceeded with and concluded under the provisions of the new law, if any, enacted.

2. Minn.Stat. § 65B.49, subd. 6 (1974) provides in pertinent part:
   Subd. 6. * * * Reparation obligors shall offer the following optional coverages in addition to compulsory coverages:

in 1972, when the legislature first made underinsured motorist coverage available (*see* Minn.Stat. § 65B.26(d) (1971)), Integrity mailed an announcement regarding the availability of such coverage to all of its Minnesota policyholders, including Hauer. Integrity does not challenge the trial court's finding that the 1972 mailing did not satisfy the announcement requirements set forth in *Holman v. All Nation Insurance Co.*, 288 N.W.2d 244 (Minn.1980); *Kuchenmeister v. Illinois Farmers Insurance Co.*, 310 N.W.2d 86 (Minn.1981); and *League General Insurance Co. v. Tvedt*, 317 N.W.2d 40 (Minn.1982).

In 1980, in response to *Holman v. All Nation Insurance Co.*, the legislature repealed Minn.Stat. 65B.45, subd. 6 (effective April 12, 1980), eliminating the mandatory requirement that insurers offer underinsured coverage to their policyholders. *See* Act of April 11, 1980, ch. 539, § 7, 1980 Minn.Laws 700, 702. After repeal of the mandatory requirement, Hauer renewed his automobile insurance policy on May 10 and November 10, 1980, and May 10, 1981. On May 31, 1981, his son died from injuries received in an automobile accident that occurred the day before.

The sole issue on appeal is whether underinsured motorist coverage should be judicially read into Hauer's insurance policy, which was renewed after the effective date of repeal of the mandatory offer provision, Minn.Stat. § 65B.49, subd. 6 (1978).

█ In Minnesota the general rule is that upon each renewal an entirely new and independent contract of insurance is created and is governed by the laws in effect on the date of renewal. *See Taylor v. American National Ins. Co.*, 264 Minn. 21, 117 N.W.2d 408 (1962); *Steele v. Great Eastern Casualty & Indemnity Co.*, 158 Minn. 160, 197 N.W. 101 (1924). *See also* 18 Couch on Insurance, § 68:65 n. 3 at 69 (rev.ed.1983). In *Taylor* we stated: "On each reinstatement or renewal of policies, any statutes or amendments pertaining to such policies and enacted after their issuance are incorporated into the new policies." 264 Minn. at 25, 117 N.W.2d at 411.[3]

In the instant case, the trial court rejected the general rule and applied the savings clause to construe the renewed policy as a continuing policy with the result that renewal of Hauer's policy after repeal of the mandatory requirement provision did not extinguish Integrity's duty to offer underinsured coverage. The trial court accordingly ruled that Hauer's right under *Holman* to have such coverage judicially read into his policy continued to the time of the accident.

█ We hold, in agreement with Integrity, that because Hauer renewed his policy *after* repeal of the mandatory offer provision, and before the accident, the savings clause is inapplicable, and the general renewal rule should control. Any right of Hauer to have underinsured motorist coverage read into his policy was merely an inchoate right which failed to ripen prior to renewal. To hold otherwise would subject an insurer to potential liability some 5 or 10 years after the legislature expressly repealed the mandatory offer provision. *Id.*

---

\* \* \* \* \* \*

(e) Underinsured motorist coverage offered in an amount at least equal to the insured's residual liability limits and also at lower limits which the insured may select, whereby the reparation obligor agrees to pay damages the insured is legally entitled to recover on account of a motor vehicle accident but which are uncompensated because the total damages exceed the residual bodily injury liability limit of the owner of the other vehicle. The reparation obligor is subrogated to any amounts it pays and upon payment has an assignment of the judgment if any against the other person to the extent of the money it pays; \* \* \*.

3. *Accord Thieme v. Union Labor Life Insurance Co.*, 12 Ill.App.2d 110, 138 N.E.2d 857 (1956) (a contract of annually renewable insurance forms a new contract at each renewal for the purpose of incorporating into the contract the statutory provisions enacted after the creation of the original contract relationship); *State Farm Mutual Auto Insurance Co. v. Pierce*, 182 Neb. 805, 157 N.W.2d 399 (1968) (generally, a renewal contract is subject to the laws in force at the time it is effected).

*Holman* and its progeny have judicially read underinsured motorist coverage into insurance contracts where legally insufficient offers were made as a remedy to enforce the insurer's legislatively imposed obligation to offer such coverage. However, since the legislature has now eliminated that obligation, underinsured motorist coverage will not be read into new policies purchased or existing policies renewed after April 12, 1980, the date of repeal.[4]

Reversed.

---

4. Our holding does not affect insurance policies in effect on April 12, 1980, where underinsured motorist coverage was not properly offered and where the policy was not renewed prior to an accident. In such cases, renewal is not an issue, and the savings clause would operate to preserve an insured's right under *Holman* to have underinsured motorist coverage read into the policy.