**SAFECO INSURANCE COMPANY, Respondent,**

v.

**Larry LINDBERG, Defendant and Third Party Plaintiff, Respondent (C2–85–1119) Appellant (C6–85–1141),**

**Kim Barrett, Appellant (C2–85–1119) Respondent (C6–85–1141),**

**Continental Brokers Corporation, et al., Third Party Defendants.**

**Nos. C2–85–1119, C6–85–1141.**

Court of Appeals of Minnesota.

Jan. 21, 1986.

Review Granted March 27, 1986.

Robert W. Kettering, Jr., Minneapolis, for Safeco Ins. Co.

Larry Lindberg, pro se.

Keith J. Broady, Minneapolis, for Kim Barrett.

Heard, considered and decided by FOLEY, SEDGWICK and LANSING, JJ.

## OPINION

SEDGWICK, Judge.

This consolidated appeal is from a declaratory judgment action brought by respondent Safeco Insurance Company (Safeco). Safeco alleged that it had no duty to defend appellant Larry Lindberg or to provide coverage for injuries received by appellant Kim Barrett in a boating accident.

The trial court construed the policy to exclude coverage for Barrett's injuries. It also found Safeco had no duty to defend Lindberg against claims by Barrett. We reverse.

## FACTS

The parties have submitted the case on an agreed stipulation of the record pursuant to Minn.R.Civ.App.P. 110.04.

Appellant Larry Lindberg (Lindberg) was first insured by respondent Safeco under a homeowner's policy issued July 13, 1978. The policy period ran from July 13, 1978 through July 13, 1979. Safeco issued a document entitled "Extension Certificate" extending the policy term from July 13, 1979, through July 13, 1980.

In May 1979, during the initial policy period, Lindberg purchased a 14 foot boat with a 55 horsepower motor. On June 22, 1980, during the renewal period, appellant Kim Barrett was riding on the bow of the boat while Lindberg pulled a water skier. As Lindberg turned the boat, Barrett fell from the bow and was injured by the boat and motor.

Safeco claims that the policy language excludes coverage for Barrett's injuries. The relevant policy provision reads:

This policy does not apply:

1. Under Coverage E—Personal Liability and Coverage F—Medical Payments to Others:

&ast; &ast; &ast; &ast; &ast; &ast;

b. to bodily injury or property damage arising out of the ownership, maintenance, operation, use, loading or unloading of any watercraft:

&ast; &ast; &ast; &ast; &ast; &ast;

(2) powered by an outboard motor(s), singly or in combination of more than 25 total horsepower, if such outboard motor(s) is owned by any insured at the inception of this policy and not endorsed hereon, unless the insured reports in writing to this company within 45 days after acquisition his intention to insure the outboard motor or combination of outboard motors, ownership of which was acquired prior to the policy term.

The following language is found under the section of the policy entitled Policy Period and Billing Cycle:

> The policy term shall be for the period shown on the declarations under "Policy Period" and for such succeeding periods * * * as the required premium * * * is paid and accepted by the company on or before the expiration of the current policy period.

## ISSUE

Is the inception of the policy the date of the renewal or the date the initial policy took effect?

## ANALYSIS

The parties' dispute revolves around the meaning of the word "inception." Lindberg purchased the boat and motor in May 1979, during the initial policy period. Barrett argues that inception refers to the effective date of the initial policy period, i.e., that there is only one policy term beginning on the date the policy was first taken out, July 13, 1978. Thus, under Barrett's analysis, Lindberg did not own the boat and motor at the inception of the policy. Hence, there is coverage, since under the strict wording of the policy clause, only motors owned at the inception of the policy and not endorsed thereon are excluded from coverage.

Safeco argues that inception refers to the first day of a renewal period. Under this analysis, Lindberg owned the boat and motor at the inception of the policy and did not endorse them on the policy. Therefore they are not covered.

The trial court thought that this case was controlled by *Hauer v. Integrity Mutual Insurance Co.*, 352 N.W.2d 406 (Minn. 1984). We do not agree.

The *Hauer* court stated:

> In Minnesota the general rule is that upon each renewal an entirely new and independent contract of insurance is created and is governed by the laws in effect on the date of renewal.

*Id.* at 408.

In *Hauer*, the court refused to read underinsured motorist coverage into a policy which had been renewed after the statute requiring insurers to offer such coverage had been repealed. A close reading of *Hauer* and the cases cited therein makes it clear that the "general rule" is of limited applicability. The rule's function is to incorporate into a renewed insurance contract the laws in effect at the time of renewal. Thus, the rule does not apply here because this case does not involve the applicability of a statute.

Instead, we find the following analysis instructive:

> Whether the renewal of a policy constitutes a new and independent contract or continuation of the original contract primarily depends upon the intention of the parties as ascertained from the instrument itself.

18 *Couch on Insurance 2d* § 68.40 (1983).

The language of this contract provides that the policy term is for the period shown on the declarations page and for succeeding periods for which a premium is paid. Similarly, the "Extension Certificate" extends the policy term for an additional year. This language indicates that the renewal contract is a continuation of the original contract rather than a new and independent contract.

We are further guided by the general principles of insurance contract construction.

Minnesota embraces a strong policy of extending coverage rather than allowing confusing or ambiguous language to restrict coverage. *Maher v. All Nation Insurance Co.*, 340 N.W.2d 675, 679 (Minn.Ct. App.1983), *pet. for rev. denied* (Minn. April 25, 1984).

> When language of an insurance policy is ambiguous or susceptible of two meanings, it must be given the meaning which is favorable to the finding of insurance coverage.

*Nordby v. Atlantic Mutual Insurance Co.,* 329 N.W.2d 820, 822 (Minn.1983) (citation omitted).

Further, when a policy exclusion is at issue, it should be construed strictly against the insurer and in favor of the insured. *Caspersen v. Webber,* 298 Minn. 93, 213 N.W.2d 327 (1973); *Home Mutual Insurance Co. v. Snyder,* 356 N.W.2d 780 (Minn.Ct.App.1984).

The insurer drafted this policy. It had the opportunity to clearly identify coverage and exclusions. It did not do so. Thus, it must bear the consequences.

### DECISION

The inception of this homeowners policy is the date the initial policy took effect. Because appellant Lindberg did not own the boat and motor at that time, it is not excluded by the policy language.

*Reversed.*