John B. JORDAN, Appellant,

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Respondent.**

**No. CO–86–1954.**

Court of Appeals of Minnesota.

May 12, 1987.

Thomas B. Olson, Olson, Usset, Rothman & Weingarden, Edina, for appellant.

R. Gregory Stephens, Robert E. Salmon, Meagher, Geer, Markham, Anderson, Adamson, Flaskamp & Brennan, Minneapolis, for respondent.

Heard, considered and decided by NIERENGARTEN, P.J., and PARKER and FOLEY, JJ.

## OPINION

PARKER, Judge.

John B. Jordan petitioned the trial court for a declaratory judgment that underinsurance coverage be read into his auto insurance policy. He claimed respondent insurer failed to offer such protection, thereby violating repealed Minn.Stat. § 65B.49, subd. 6 (1974). The trial court ruled that the statute had been repealed before appellant renewed his policy and therefore granted respondent's motion for summary judgment. We affirm.

## FACTS

John Jordan sustained injuries in an auto accident on August 15, 1980. He brought a declaratory judgment action seeking to have underinsured motorist coverage read into his auto insurance policy by operation of law. Jordan had purchased and renewed his policy with respondent State Farm Mutual Automobile Insurance Company every six months since November 1977 through the date of the accident.

The parties stipulated that Jordan was not at fault in the accident, that he suffered severe injuries, that the other driver had insufficient insurance to compensate Jordan adequately, and that his insurance contract did not include underinsured motorist benefits. State Farm had mailed the premium renewal notice on March 31, 1980, and the underinsurance statute was repealed effective April 12, 1980. Jordan did not pay the premium until May 1, 1980, and the renewal notice contained a policy renewal date of May 3, 1980.

## ISSUE

Did the trial court err in refusing to read underinsured motorist coverage into the policy?

## DISCUSSION

In reviewing a summary judgment, an appellate court must determine whether there are genuine issues of material fact to be litigated and whether the trial court erred in applying the law. Minn.R.Civ.P. 56.03; *Carney v. Central Life Assurance Co.*, 366 N.W.2d 351, 353 (Minn.Ct.App. 1985). Because the facts of this case have been stipulated, this court need only focus on whether the trial court properly applied the law.

Minn.Stat. § 65B.49, subd. 6(e) (1974), as applied in *Holman v. All Nation Insurance Co.*, 288 N.W.2d 244 (Minn.1980), required underinsurance coverage to be read into an insurance contract as a matter of law when the insurer failed to offer such coverage to an insured. The legislature repealed this portion of the statute, effective April 12, 1980. 1980 Minn.Laws ch. 539, § 7; *see Sobania v. Integrity Mutual Insurance Co.*, 371 N.W.2d 197, 200 (Minn. 1985).

 State Farm's renewal offer occurred on March 31, 1980, *before* the repeal became effective. However, Jordan did not accept the offer by paying his premium until May 1, 1980, 19 days *after* the repeal was effective. As a matter of contract law, the terms of an offer are not effective until acceptance. *See, e.g., St. Paul Fire & Marine Insurance Co. v. Bierwerth*, 285 Minn. 310, 318, 175 N.W.2d 136, 141 (1969). Because the repeal here occurred before the acceptance, the offer was, in effect, withdrawn or changed prior to acceptance. Since Jordan had not yet accepted, State Farm was not bound by the original terms. Jordan could have accepted before the repeal date, but did not; therefore, the repealed provision is not controlling.

Jordan cites Minn.Stat. § 645.35 (1986), which provides that repeal of a statute shall not affect any right accrued or duty imposed before repeal. However, under the foregoing contract analysis, no right had actually *accrued* by the date of repeal. Rather, the right to underinsurance coverage was an inchoate right which became effective and enforceable only upon acceptance of the offer.

This holding is consistent with *Hauer v. Integrity Mutual Insurance Co.*, 352 N.W.2d 406 (Minn.1984). Although that case is factually distinguishable because the offer and acceptance both occurred after repeal of the statute, the supreme court set forth clear language that applies here:

> [S]ince the legislature has now eliminated that obligation [legally sufficient offers of underinsurance coverage], underinsured motorist coverage will not be read into new policies purchased or existing policies *renewed after* April 12, 1980, the date of repeal.

*Id.* at 409 (footnote omitted; emphasis added).

Because Jordan did not renew his policy before the repeal, *Hauer* is controlling. This reading and application of *Hauer* receives further support from *Boldt v. State Farm Mutual Automobile Insurance Co.*, 345 N.W.2d 771 (Minn.1984):

> Because the fourth policy was *effective* after the April 12, 1980 effective date of the repealer of Minn.Stat. § 65B.49, subd. 6(e) (1976) * * * it is not properly a subject of this action.

*Id.* at 772 n. 2 (emphasis added).

Finally, State Farm's offer contained a renewal deadline of May 3, 1980. Hence, not only did Jordan accept the offer after repeal, but State Farm clearly provided in the offer an effective date that was also after the date of repeal.

## DECISION

Where renewal of an auto insurance policy occurred after the effective repeal date of Minn.Stat. § 65B.49, subd. 6 (1974), no underinsurance coverage will be read into the insurance policy.

Affirmed.