**Jerome J. HELLERSTEDT, trustee for the heirs and next-of-kin of Mark J. Hellerstedt, decedent, Appellant,**

v.

**OLD REPUBLIC INSURANCE COMPANY, Respondent.**

No. C5–88–853.

Court of Appeals of Minnesota.

September 27, 1988.
Review Denied Nov. 30, 1988.

Howard P. Helgen, Tierney, Norton & Helgen, P.A., Minneapolis, for appellant.

Arthur H. Abel, Faegre & Benson, Minneapolis, for respondent.

Heard, considered and decided by KALITOWSKI, P.J., and NIERENGARTEN and HACHEY,* JJ.

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

## OPINION

NIERENGARTEN, Judge.

This is an appeal from summary judgment dismissing a claim for underinsured motorist coverage. We affirm.

## FACTS

Erica Hellerstedt is employed by Colorcraft, a subsidiary of Fuqua Industries which began offering employees the opportunity to obtain insurance by joining Fuqua's fleet. The employee obtained $1,000,000 worth of liability insurance for about $100 per year but there were conditions attached:

1. Fuqua chose the insurer and selected the coverage for the entire fleet.

2. To participate, the employee had to lease their automobile to Fuqua by way of a lease agreement.

3. Insurance coverage was determined by a "master policy" and employees were unable to make any modifications.

The amount employees paid to participate in the program was determined by Fuqua. Employees of Colorcraft made their payments for insurance to Colorcraft, who in turn forwarded the payment to Fuqua. The insurance company received premiums only from Fuqua.

Hellerstedt joined the fleet program with two automobiles in 1976. At that time Fuqua purchased fleet coverage from Commercial Union Insurance Company. Fuqua purchased only the insurance required by law on a per state basis and declined all optional coverage. In 1978 Fuqua switched to Old Republic Insurance Company (Old Republic) because of lower premiums.

The insurance policy was negotiated through an insurance brokerage, Johnson & Higgins. Dick Haskell, representing Old Republic, received a copy of the Commercial Union policy and was told to duplicate the coverage. Haskell was told that Fuqua did not wish *any* optional coverage, only the coverage required by state law.

The Hellerstedts received a "certificate of insurance" from Fuqua which listed coverage, with none listed for underinsured motorists. Jerome Hellerstedt testified that he was aware of, and knew what underinsured motorist coverage was.

In 1979 Mark Hellerstedt, a son of Erica, was killed in an accident while a passenger in an automobile. Mark's parents sued the driver and also sued Old Republic for failure to offer underinsured motorist coverage to Erica. The parties settled with Carter. The trial court found no coverage by Old Republic and Jerome Hellerstedt, as trustee, appeals.

## ISSUES

1. When an insured is covered under a company fleet policy, did the insurer have a duty to offer underinsured motorist coverage to the individual?

2. Did the company waive the mandatory offer of underinsured coverage?

## ANALYSIS

### I

The trustee argues that because Old Republic failed to offer Erica underinsured motorist coverage as then required, Minn. Stat. § 65B.49, subd. 6(e) (1978) (repealed 1980), she is entitled to have such coverage read into the policy. *See Holman v. All Nation Insurance Company*, 288 N.W.2d 244, 250 (Minn.1980). If he is right, an additional one million dollars of insurance would be available to the Hellerstedts in the form of underinsured motorist coverage.

It is undisputed that no offer of underinsured coverage was made to Erica Hellerstedt. Erica attended an employee meeting which explained what was covered by the policy and what was necessary to obtain the insurance. Employees leased their cars to the company and in return received a great deal of liability coverage (one million dollars) for a low premium. The rest of the coverage was of the kind and minimum amounts required by law.

The statute requires that an offer of coverage be made but does not specify who is to receive the offer. The Minnesota Supreme Court considered this question in

*Frank v. Illinois Farmers Insurance,* 336 N.W.2d 307 (Minn.1983). In *Frank* Stephen Frank applied for automobile insurance. The insurance agent discussed coverages with Stephen's wife, Janet, who later indicated they wanted the policy but specifically excluding underinsured. *Id.* at 309. The agent complied. *Id.* The trial court's finding that an offer made to Janet but not Stephen was insufficient, was sustained by the Minnesota Supreme Court which held

> For the same reason that cancellation statutes require clear and adequate notice to the named insured, to give the insured an opportunity to provide continued adequate coverage, we construe the mandatory offer statute as requiring notice to the named insured if there is a named insured under an existing policy of insurance. *If there is no policy of insurance in existence, however, when the insurer is required to give a mandatory offer, we hold that the offer must be made to the applicant, that person applying for the coverage,* or to an agent authorized to act on the applicant's behalf.

*Id.* at 310 (emphasis added).

 Here, it is Fuqua which qualifies as the "statutory offeree." Fuqua was the named insured and was liable for premium payments. Fuqua was also the applicant for insurance. Fuqua contacted the brokerage firm, indicated the coverage it wanted, paid the premiums and received all notices. As Old Republic points out, Erica had no contact with the insurance company at all. She filled out *Fuqua's* application form (the lease form) received an "insurance certificate" and notices issued by Fuqua, and paid a fee for participation to Fuqua through Colorcraft.

## II

The next question is whether Fuqua was ever offered the optional coverage by Old Republic. It does not appear that a specific offer was made to Fuqua's agents. Fuqua made it clear that they wanted Old Republic to duplicate the coverage in their policy with Commercial Union, which in-cluded adequate liability coverage and only the insurance required by statute in each state. The deposition of a member of the brokerage firm indicates that he specifically told Old Republic that Fuqua did not wish to include underinsured coverage.

The Minnesota Supreme Court has indicated it is unwilling to require an insurer to force a client to listen to and understand a sales presentation "in which he has specifically stated he has no interest." *Boldt v. State Farm Mutual Automobile Insurance Company,* 345 N.W.2d 771, 773 (Minn.1984). Fuqua, through its broker, indicated that they wished the same insurance they had had with Commercial and that they did not wish any optional coverage. Both the Commercial and Old Republic policies excluded underinsured coverage.

## DECISION

Old Republic was required to offer optional coverage to Fuqua, the named insured but was relieved of that duty by Fuqua's insistence that the insurance coverage duplicate a previous policy which did not include optional coverage, including underinsured coverage.

AFFIRMED.